**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Bernal Cota, | No. CV-16-03356-PHX-DJH |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court in this federal habeas review of Petitioner's state capital conviction is Respondents' Motion to Preclude Juror Contact. (Doc. 10.) Respondents request that the Court order Petitioner not to contact any jurors other than by leave of Court upon a showing of good cause that juror misconduct may have occurred during the trial proceedings. (*Id.*) Petitioner has filed a response in opposition asserting that no binding authority requires such a showing. (Doc. 13.) The motion is granted for the following reasons.

Federal courts have long recognized that "very substantial concerns support the protection of jury deliberations from intrusive inquiry." *Tanner v. United States*, 483 U.S. 107, 127 (1987). Respondents maintain that this Court should regulate post-verdict juror contact in this federal habeas case as a matter of policy based on the same "long-recognized and very substantial concerns" central to the decision in *Tanner*, which seek to prevent juror harassment and protect jury deliberations from intrusive inquiry. In *Tanner*, the Supreme Court recognized that post-verdict investigation into jury

misconduct would lead in some instances to the discovery of improper juror behavior, but expressed concern that allegations "raised for the first time days, weeks, or months after the verdict, [would] seriously disrupt the finality of the process" and could undermine "full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople." *Id*. at 120–21; *see also McDonald v. Pless*, 238 U.S. 264, 267–68 (1915) (noting that public investigation of juror deliberations would lead to "the destruction of all frankness and freedom of discussion and conference").

Generally, a verdict may not be impeached on the basis of the jury's internal deliberations or the manner in which it arrived at its verdict. *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir. 1980).[1] Rule 606(b) of the Federal Rules of Evidence is grounded in this common-law rule against admission of jury testimony to impeach a verdict. On the other hand, although jurors may not be questioned about their deliberations and most matters related thereto, they may be questioned regarding any extraneous influence on their verdict. *Tanner*, 483 U.S. at 117; *Traver*, 627 F.2d at 941. Accordingly, Federal Rule of Evidence 606(b) allows jury testimony in limited circumstances to show that (1) extraneous prejudicial information was improperly brought to the jury's attention, (2) an outside influence was improperly brought to bear upon any juror, or (3) there was a mistake in the verdict form. *See Tanner*, 483 U.S. at 121; Fed. R. Evid. 606(b).

Petitioner contends that there is no statute, rule or law prohibiting Petitioner's federal habeas counsel from interviewing jurors from his state criminal trial to discover admissible evidence of juror misconduct, or requiring Petitioner to show good cause prior to doing so. Nonetheless, despite there being no specific prohibition, post-verdict interviews with jurors are not looked on favorably in the Ninth Circuit, *Hard v. Burlington Northern R.R.*, 812 F.2d 482, 485 (9th Cir. 1987), *abrogated on other grounds*

---

[1] The Court recognizes that the United States Supreme Court, in *Pena-Rodriguez v. Colorado*, 350 P.3d 287 (Colo. 2015), cert. granted, 136 S.Ct. 1513 (Apr. 4, 2016) (No. 15-606), is now considering whether an exception may be made into the general prohibition of inquiry into jury deliberations when issues of racial prejudice may be involved.

1  *by Warger v. Shauers*, 135 S. Ct. 521 (2014), and the district courts have "'wide
2  discretion' to restrict contact with jurors to protect jurors from 'fishing expeditions' by
3  losing attorneys." *see United States v. Wright*, 506 F.3d 1293, 1303 (10th Cir. 2007)
4  (quoting *Journal Pub. Co. v. Mechem*, 801 F.2d 1233, 1236 (10th Cir. 1986)).

5        While this Court's local rules do not prohibit Petitioner's federal habeas counsel
6  from contacting and interviewing jurors from Petitioner's state criminal trial, neither do
7  they specifically authorize such contact. Our local rules do recognize that approval for the
8  interview of federal jurors will only be granted when proposed written interrogatories are
9  submitted to the court within the time granted for a motion for a new trial, and only upon
10 a showing of good cause. *See* LRCiv 32.9(b) (citing Federal Rules of Evidence, Rule
11 606(b)). While there is no corresponding rule prohibiting counsel from invading the
12 provenance of state jurors in federal habeas proceedings, the absence of a rule is not
13 dispositive, as the Court is no less concerned with the protection of state jurors than
14 federal jurors, and has the discretion to address these concerns on a case by case basis.

15       Furthermore, in addition to the policy concerns expressed in *Tanner*, there are
16 "very cogent reasons" for requiring a preliminary showing of illegal or prejudicial
17 intrusion into the jury process before allowing counsel to conduct post-trial interviews,
18 including protecting the jury from post-verdict misconduct and the courts from time-
19 consuming and futile proceedings; reducing the chances and temptations for tampering
20 with the jury; and increasing the certainty of verdicts. *Wilkerson v. Amcon Corp*, 703
21 F.2d 184, 185–86 (1983); *see also King v. United States*, 576 F.2d 432, 438 (1978)
22 (courts are reluctant to inquire into the conduct of jurors during deliberations "to avoid
23 harassment of jurors, inhibition of deliberation in the jury room, a deluge of post-verdict
24 applications mostly without real merit, and an increase in opportunities for jury
25 tampering; it is also to prevent jury verdicts from being made more uncertain"). 
26 Moreover, where there has been no specific claim of jury misconduct, "there is no federal
27 constitutional problem involved in the denial of a motion to interrogate jurors." *Smith v.*
28 *Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972).

1   As Respondents have indicated, the specific factual and procedural context of these proceedings merits further consideration. First, the lengthy passage of time in capital habeas cases only strengthens the substantial concerns mentioned in *Tanner* regarding the possibility of the serious disruption of the finality of the judicial process; in this case more than eight years have passed since the jury returned its verdict. Further, though mindful of the early stage of this federal habeas proceeding, the Court is struck by the observation that Petitioner has come forward with no factual allegations suggestive of jury misconduct. Finally, in light of the limited purposes for which juror evidence would ever be admissible in federal habeas proceedings, it is reasonable for this Court to allow post-verdict contact with jurors only through leave of Court upon a showing of good cause. *See* Fed. R. Evid. 606(b); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

Thus, the Court finds that the proper way for Petitioner to proceed is to first make a preliminary showing that extraneous prejudicial information or outside influence was improperly brought to the jury's attention, and seek leave of the court to approach the jury. *See Hard*, 812 F.2d at 485 n.3. Good cause may be shown only by satisfying the requirements of the exception stated in Rule 606(b).

Accordingly,

**IT IS HEREBY ORDERED** Respondents' Motion to Preclude Juror Contact (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** Petitioner may not contact any jurors other than by leave of Court upon a showing that extraneous prejudicial information or outside influence was improperly brought to the jury's attention. *See* Fed. R. Evid. 606(b).

**Dated** this 23rd day of February, 2017.

Honorable Diane J. Humetewa
United States District Judge