**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Bernal Cota, | No. CV-16-03356-PHX-DJH |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion to Allow Juror Contact (Doc. 19), requesting leave of the Court to investigate his juror-related habeas claims by contacting his state trial jurors.

The issue of juror contact arose in the early stages of this federal habeas case when Respondents filed a motion to preclude juror contact, requesting that the court order that Petitioner not contact any jurors other than by leave of Court upon a showing of good cause that juror misconduct may have occurred during trial proceedings. (Doc. 10.) At that time Petitioner did not respond by citing any specific facts that would suggest juror misconduct had occurred. (*See* Doc. 13.) This Court, considering the competing interests of protecting jury deliberations from intrusive inquiry, *see Tanner v. United States*, 483 U.S. 107, 127 (1987), and Petitioner's ability to demonstrate that extraneous prejudicial influence was brought to bear on the jury, granted Respondent's motion to preclude juror contact. The Court found that "the proper way for Petitioner to proceed is to first make a preliminary showing that extraneous prejudicial information or outside influence was improperly brought to the jury's attention, and seek leave of court to approach the jury."

(Doc. 14.) This Court further ruled that good cause may be shown "only by satisfying the requirements of the exception stated in [Fed. R. Evid.] Rule 606(b)."

Petitioner asserts that Rule 21.4 of the Arizona Rules of Criminal Procedure is the relevant evidentiary standard in the context of habeas actions, not Fed. R. Evid. 606(b). To the extent Petitioner is asking the Court to reconsider its previous order, the request is denied. Unless in conflict with the Rules Governing § 2254 Proceedings, the Federal Rules of Evidence apply to § 2254 proceedings. *See* Fed.R.Evid. 1101(a) ("These rules apply to proceedings before ... United States district courts"), 1101(b) ("These rules apply in ... civil cases and proceedings"), and 1101(e) ("A federal statute or a rule prescribed by the Supreme Court may provide for admitting or excluding evidence independently from these rules.").[1] Accordingly, Rule 606(b) applies despite a potentially conflicting state evidence rule. *McDowell v. Calderon*, 107 F.3d 1351, 1367, 46 Fed. R. Evid. Serv. 749 (9th Cir. 1997), *opinion amended and superseded in part*, 116 F.3d 364 (9th Cir. 1997) and *judgment vacated in part on reh'g on other grounds*, 130 F.3d 833, 835 (9th Cir. 1997) (en banc).

In his reply, Petitioner contends that his case presents jury concerns related to his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, and that it is misleading to label Rule 606(b) as dispositive when there are constitutional claims at issue. This is, however, the precise concern the Court in *Tanner* addressed, reaching the conclusion that a defendant's constitutional interests in an unimpaired jury are protected by several aspects of the trial process: the voir dire process, the ability of the court and counsel to observe jurors during the trial, the ability of jurors to make pre-verdict reports of misconduct, and the availability of post-verdict impeachment through non-juror evidence of misconduct. A court is not required to go further by allowing postverdict

---

[1] Prior to the 2011 Amendments, Rule 1101(e) provided specifically that the Federal Rules of Evidence applied to habeas corpus petitions filed in federal court under 28 U.S.C. § 2254. *See* Fed.R.Evid. 1101(e)(2010). Though the 2011 Amendments removed the specific reference to habeas petitions, as well as a litany of other proceedings, these changes were meant to be "stylistic only." Notes of Advisory Committee on 2011 Amendments.

- 2 -

investigation into juror misconduct, which "would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior," because "[i]t is not at all clear . . . that the jury system could survive such efforts to perfect it." *Tanner*, 483 U.S. at 120.

Although jurors may not be questioned about their deliberations and most matters related thereto, they may be questioned regarding any extraneous influence on their verdict. *Tanner*, 483 U.S. at 117; *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir. 1980). Federal Rule of Evidence 606(b) allows jury testimony in limited circumstances to show that (1) extraneous prejudicial information was improperly brought to the jury's attention, (2) an outside influence was improperly brought to bear upon any juror, or (3) there was a mistake in the verdict form. *See Tanner*, 483 U.S. at 121; Fed. R. Evid. 606(b).

After a more thorough review of the record, Petitioner now asserts that he can show good cause as to why he should be permitted to contact jurors. First, Petitioner states that claims of jury misconduct were raised at trial and on appeal regarding allegations that a juror may have been sleeping during Petitioner's mitigation presentation. The trial court denied Petitioner's request to voir dire the juror and denied his subsequent motion for a new trial based on juror misconduct. Petitioner's claims regarding juror misconduct were also denied on direct appeal. Second, Petitioner asserts that a juror was observed texting while testimony was being presented. The trial court admonished the jurors after this incident. Third, a juror reported missing portions of testimony when she perceived everyone in the courtroom to be laughing at her after she asked a question. The trial court and both counsel questioned the juror about this incident, and the court ultimately decided she could be fair and impartial. Finally, Petitioner asserts additional juror-related issues were raised in his state post-conviction proceedings. Petitioner raised appellate ineffectiveness claim challenging the State's preliminary strikes during voir dire on two grounds: first, that the State used three strikes to improperly remove venirepersons based on their religion, and second, that seven of ten strikes were used to remove women from the panel in violation of *Batson v. Kentucky*,

106 S. Ct. 1712 (1986). Petitioner argues these facts demonstrate good cause and satisfy the requirements of the Rule 606(b) exception. The Court disagrees.

This Court struck a balance on the issue of juror contact by imposing a good cause requirement in light of the limited purposes for which juror evidence would ever be admissible in federal habeas proceedings. The Court does not intend to allow Petitioner to upset this balance in pursuit of incompetent evidence. Petitioner's allegations of juror inattentiveness and counsel ineffectiveness do not constitute good cause for contacting the jurors in this case because they do not assert facts which would satisfy the requirements of any exception stated in Rule 606(b). The Supreme Court has recognized that there is no exception to Rule 606(b) for possible juror inattentiveness. *See Tanner*, 483 U.S. at 120 (holding that "[a]llegations of juror misconduct, incompetency, or inattentiveness" do not constitute an exception to Rule 606(b).) Nor does Petitioner's claim of ineffectiveness based on a failure to challenge the State's preliminary strikes fall under any Rule 606(b) exception. Moreover, as Respondents note, it is unclear how interviewing jurors would assist in making this claim.

Because Petitioner has failed to make a preliminary showing, as required by this Court's order, that extraneous information or outside influence was improperly brought to the jury's attention, **IT IS ORDERED** that the motion (Doc. 19) is denied.

**Dated** this 8th day of August, 2017.

Honorable Diane J. Humetewa
United States District Judge